William E. **BAGLEY**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 41040.

Court of Criminal Appeals of Texas.

March 13, 1968.

———◆———

Robert Fagan, Corpus Christi, for appellant.

Sam L. Jones, Dist. Atty., Kenneth L. Yarbrough, Asst. Dist. Atty., Corpus Christi, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

MORRISON, Judge.

Our prior opinion is withdrawn and the following substituted in lieu thereof.

The offense is murder with malice; the punishment, 35 years.

In his first ground of error, appellant contends that the allegations contained in the indictment present a material conflict and that inclusion of the word "stricking" in the indictment failed to apprise appellant of the offense with which he was charged.

The first paragraph of the indictment charged appellant and his co-indictee with

causing the death of the deceased by striking him with a hammer. The second paragraph charged him with causing the death of deceased by "stricking him on the head with instruments and weapons to the Grand Jurors unknown."

■ The court withdrew from the jury's consideration the second allegation contained in the indictment thereby removing from the jury's consideration the allegation which contained the misspelled word, and the evidence is sufficient to support a finding that the deceased was killed as alleged in the first paragraph of the indictment. Booker v. State, 124 Tex.Cr.R. 562, 63 S.W.2d 1033.

■ Appellant's second ground of error is that the court's charge did not effectively withdraw from the jury's consideration the manner and means of the commission of the offense alleged in the second paragraph of the indictment. Since no objections to the court's charge appear in the record such contention is not before us for review.

■ As his third ground of error appellant complains of the admission into evidence of a Seaman Union Book and a Landing Permit which allegedly belonged to the deceased and were admitted to show the identification of the deceased. Deputy Sheriff Burch viewed the body in the field where it was found, and later at the funeral home to which it was removed, he found the documents in question on the body of the deceased. Clearly these documents were admissible to show and did show the identity of the deceased.

■ Appellant contends in his fourth and sixth grounds of error that the statements he gave to the district attorney which were admitted into evidence established the guilt of his co-indictee and exculpated him. In both statements, the voluntariness of which is not questioned on this appeal, appellant admitted participating in the fatal attack upon the deceased and sharing in the proceeds taken from the body of the deceased. Such inculpatory participation was sufficient to authorize the jury in finding appellant guilty as a principal. Williams v. State, 65 Tex.Cr.R. 193, 144 S.W. 622.

Appellant's fifth ground of error is the court's refusal to give a requested charge instructing the jury that they should acquit the appellant if they found that appellant's co-indictee committed the murder without any aid from appellant.

The indictment charged appellant and Troy H. Tharp jointly with murder with malice, but the appellant was here alone on trial. In the charge, the court properly defined principals, and only authorized a conviction if the jury found beyond a reasonable doubt that the appellant was "acting either alone or jointly as a principal, as the term principal has been defined to you," and, if they did not so believe to acquit him, or if they had a reasonable doubt as to his guilt to find him not guilty.

■ The charge as given adequately protected the rights of the appellant. The failure to charge the jury as the appellant here contends was not error. White v. State, Tex.Cr.App., 385 S.W.2d 397; Lopez v. State, 170 Tex.Cr.R. 208, 339 S.W.2d 906.

■ Finding the evidence sufficient to support the conviction, and no reversible error appearing, the judgment is affirmed, and appellant's motion for rehearing is overruled.