**Ex parte William Eugene BAGLEY.**

**No. 48289.**

Court of Criminal Appeals of Texas.

May 15, 1974.

Luther E. Jones, Jr., Corpus Christi, for appellant.

William B. Mobley, Jr., Dist. Atty., John M. Potter, Asst. Dist. Atty., Corpus Christi, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

This is a post-conviction habeas corpus proceeding brought under the provisions of

Article 11.07, Vernon's Ann.C.C.P., by the petitioner, an inmate of the Texas Department of Corrections.

Petitioner was convicted in a jury trial in Cause No. 12,692 in the 105th District Court of Nueces County on June 14, 1967, of murder with malice, and his punishment was assessed by the court at 35 years confinement. He appealed to this Court, and his conviction was affirmed. Bagley v. State, Tex.Cr.App., 425 S.W.2d 656.

The present proceeding is a second application by petitioner under Article 11.07, V.A.C.C.P. In this proceeding he urges for the first time the federal constitutional claim that his conviction is void because there was used against him a confession[1] given, petitioner alleges, without his ever being warned of his Miranda[2] right to presence of counsel during interrogation.

The record of the main trial in which petitioner was convicted of murder reflects that the trial started on June 12, 1967, a day less than one year after the Supreme Court delivered its opinion in Miranda, supra.[3] At the trial, a hearing was had outside of the presence of the jury, at the request of the State, to determine the admissibility of the confession. There was no objection raised as to the voluntariness of the confession. After hearing testimony in regard to the warnings which were given and the various statements which had been taken, the court ruled the confession to be admissible. No objection was made at the time. Later, the confession was introduced in evidence before the jury. The only objection to its admission was as follows: Mr. Fagan (Defense Counsel) "Of course, I object to it at this time, if the court please." There was *no* objection that the confession was involuntarily made, or that appellant was not properly warned of his right to counsel.

Furthermore, the record also reveals that there was no complaint made on the appeal of the conviction concerning the introduction of the confession in evidence. See Bagley v. State, supra. No such complaint was made in the first habeas corpus proceeding.

■ This Court has consistently held that in order to complain about the admissibility of a confession, even in regard to a violation of Miranda, and other federally guaranteed constitutional rights, there must be an objection in the trial court. Aldrighetti v. State, Tex.Cr.App., 507 S.W.2d 770 (1974); Spead v. State, Tex.Cr.App., 500 S.W.2d 112; Jones v. State, Tex.Cr.App., 501 S.W.2d 308; Taylor v. State, Tex.Cr.App., 489 S.W.2d 890; Rawlinson v. State, Tex.Cr.App., 487 S.W.2d 341; Moore v. State, Tex.Cr.App., 480 S.W.2d 728; Clark v. State, Tex.Cr.App., 470 S.W.2d 869; Green v. State, Tex.Cr.App., 467 S.W.2d 481; Mason v. State, Tex.Cr.App., 459 S.W.2d 855; Evans v. State, Tex.Cr.App., 444 S.W.2d 641. Furthermore, the objection, if any, must have called the attention of the trial court to the particular complaint raised on appeal. Rawlinson, supra; Salas v. State, Tex.Cr.App., 486 S.W.2d 956; Hinkle v. State, Tex.Cr.App., 442 S.W.2d 728; Lawhon v. State, Tex.Cr.App., 429 S.W.2d 147.

The same rule as to the necessity of an objection to complained of evidence has been applied by this Court in habeas corpus cases. Ex parte Roberts, Tex.Cr.App., 502 S.W.2d 802; Ex parte Kirby, Tex.Cr.App., 492 S.W.2d 579; Ex party Kelly, Tex.Cr. App., 484 S.W.2d 773; Ex parte Kirk, Tex.Cr.App., 478 S.W.2d 503; Ex parte

1. State's Exhibit 16 at the trial.

2. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.

3. The effective date of the decision in Miranda, supra, was June 13, 1966, and the decision was only prospective in effect. See Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882; Charles v. State, Tex.Cr. App., 424 S.W.2d 909 (dissenting opinion, 913).

Selby, Tex.Cr.App., 442 S.W.2d 706; Ex parte Meadows, Tex.Cr.App., 418 S.W.2d 666; Ex parte Bertsch, Tex.Cr.App., 395 S.W.2d 620.

Recently this Court in a habeas corpus proceeding passed upon a problem similar in some respects in Ex parte Casarez, 508 S.W.2d 620 (1974). Evidence of three prior convictions for aggravated assault was admitted in evidence without objection at the punishment stage of a trial for burglary of a private residence at night. It was shown on the habeas corpus hearing that each of the three misdemeanor convictions was void because in each case the defendant had not been represented by counsel, was indigent, and had not waived his right to counsel. See Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530; Ramirez v. State, Tex.Cr.App., 486 S.W.2d 373. In each case, the punishment included imprisonment in jail. In setting aside the conviction and granting the relief sought, we said:

"Petitioner's trial resulting in the challenged conviction as stated above was had on May 12, 1967, over five years before the decision in Argersinger v. Hamlin, 407 U.S. 25 [92 S.Ct. 2006, 32 L.Ed. 2d 530] (June 15, 1972), upon which our opinion in Ramirez, supra, was grounded. Consequently, counsel's failure to object upon a ground not yet established as a defect of constitutional magnitude did not constitute a waiver."

█ The basis for granting the writ in Casarez is not applicable here. As heretofore stated, the trial of petitioner Bagley for murder was had one year after the decision in Miranda, supra, had become the law of the land. As was said by the Supreme Court in discussing Miranda in Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882,

"Future defendants will benefit fully from our new standards governing in-custody interrogation, while past defendants may still avail themselves of the voluntariness test. Law enforcement officers and trial courts will have fair notice that statements taken in violation of these standards may not be used against an accused."

Notwithstanding the finding of the trial court at the hearing on this habeas corpus proceeding, based on the testimony of petitioner's counsel at the murder trial, that counsel's failure to object was not a product of deliberate trial strategy and was not accompanied by any intention to bypass or circumvent Texas procedural laws,[4] we hold that counsel was put on notice of the standards of *Miranda*, which at the time of the trial had been in effect for a year.

█ We, therefore, hold that the contemporaneous objection rule serves a legitimate State interest in this question, and that the failure of petitioner, as defendant, to object at the trial, and to pursue vindication of a constitutional right of which he was put on notice on appeal, constitutes a waiver of the position he now asserts. In so holding we are not suggesting that petitioner is correct in his contention that the standards of *Miranda* were not complied with in the taking of the confession in question. Although the waiver would cause us to deny the writ, we shall nevertheless reconsider petitioner's said contention.

Petitioner's contention in this proceeding is limited to his claim that his confession, admitted in evidence as State's Exhibit 16, is void because at the time of making it he had not been warned that he had a right to have an attorney present during the interrogation productive of such confession.

Petitioner alleged in his writ of habeas corpus that,

"An important part of the State's proof in the trial in this Court in which said

---

4. A similar finding was made concerning the failure of petitioner's attorney to raise the present contention in the first habeas corpus proceeding under Art. 11.07, V.A.C.C.P.

conviction was obtained was a written confession given by him in response to custodial interrogation after various warnings were made to him. *Those warnings did not include, and nobody at any time ever gave him, a warning that he had a right to have an attorney present with him during the interrogation productive of said confession. Because of the total lack of any warning of that kind* petitioner makes the contention, in reliance on Miranda v. Arizona, 384 U.S. 436 [86 S.Ct. 1602, 16 L.Ed.2d 694] (1966) and Sanchez v. Beto, 467 F. 2d 513 (5th Cir. 1972), that the action of this Court admitting said confession into evidence before the jury subjected him to a deprivation of his federally secured constitutional right . . ." (Emphasis ours)

In response to the above pleading the trial court in its findings of fact and conclusions of law found,

"Nobody before commencement of that interrogation warned petitioner of his right to have an attorney present with him during that interrogation."

■ This Court is not bound by the findings of the trial court in a habeas corpus proceeding and may make contrary findings when the record will not support the trial court's findings. Ex parte Williams, Tex.Cr.App., 486 S.W.2d 566; Ex parte Young, Tex.Cr.App., 479 S.W.2d 45.

■ Petitioner in his hearing introduced in evidence as a part of the record the statement of facts reflecting the evidence given in the original trial at which he was convicted. We find from such record that the petitioner received the specific warning that he had a right to have an attorney present with him during the interrogation not only once, but twice before the complained of confession was taken.

The record reflects that the petitioner was arrested on the night of January 16, 1967. The following morning, at approximately 10:30 o'clock, the petitioner was taken before Assistant District Attorney Kenneth Yarbrough. At this time Yarbrough warned petitioner that he had a right to retain counsel, that if he was unable to do so, counsel would be appointed to represent him, that he had a right to an examining trial, right to have bail set, and a warning that any statement he made could be used against him. The testimony does not reflect petitioner was warned of his right to have counsel present during the interrogation.

■ Prior to this meeting petitioner had been warned by the arresting officers and taken before a magistrate to be warned pursuant to Art. 15.17, V.A.C.C.P., as it then existed. These warnings were also deficient in that they failed to apprise petitioner of his right to have counsel during interrogation. See Sanchez v. Beto, 467 F.2d 513 (5th Cir. 1972); Burns v. State, Tex.Cr.App., 486 S.W.2d 310.

The petitioner and Yarbrough talked for approximately forty-five minutes before breaking for lunch. No written statement had been taken up to this time by Yarbrough.

After lunch, petitioner was taken to the Department of Public Safety in order to take a polygraph examination. The polygraph examiner warned petitioner of his rights, but the record does not show whether it included the right to counsel during the interrogation. During the examination the polygraph examiner told Yarbrough that petitioner wished to make a statement.

At this time Yarbrough again warned petitioner of his rights and reduced the statement to writing. The printed portion of the statement contained the following:

"VOLUNTARY STATEMENT OF William Eugene Bagley, January 17, A. D., 1967.

"I, William Eugene Bagley, before being interrogated and after first being duly

warned by Vernon Harville of Nueces County, at 12:40 P.M., at Nueces County Courthouse on January 17, 1967 the accusation against me of murder and the affidavit, if any, filed in support of such accusation; that I have a right to retain counsel; that if I am unable to obtain counsel that I can request the appointment of counsel; that I have a right to an examining trial; that I am not required to make any statement at all and that any statement I do make may be used against me; and Kenneth Yarbrough (officer taking statement), the person to whom this statement is made, also warned me at the beginning of the interrogation that I do not have to make any statement at all; that I have a right to consult with a lawyer; that if I cannot afford a lawyer, one will be provided for me; *that I have a right to have my attorney present during the interrogation;* and that any statement made by me may be used in evidence against me in the trial or trials of the offense or offenses concerning which this statement is made, do hereby make the following voluntary statement:" (Emphasis ours)

The printed portion of the statement contained the express warning "that I have a right to have my attorney present during the interrogation . . ." together with the statement that if accused could not afford a lawyer, one would be provided for him. The statement was signed by the petitioner, and the record reflects the petitioner read and understood the statement prior to signing it. However, this was not the confession introduced into evidence at the trial as State's Exhibit No. 16, or complained of on this application for the writ of habeas corpus.

Upon completion of the written statement the petitioner was returned to his jail cell. Yarbrough then questioned the petitioner's co-defendant Troy H. Tharp. After returning from his evening meal and after a lengthy discussion with Tharp, Yarbrough had the petitioner brought from his cell for further questioning. Yarbrough

and the petitioner went over the statement and it was determined corrections were needed. The resulting confession was the confession introduced at trial as State's Exhibit 16, and complained of in this proceeding. It was signed by petitioner at approximately midnight on January 17, 1967.

The record reflects that, prior to taking the second written confession, Yarbrough warned petitioner of his right to counsel during interrogation. The relevant portion of the record is as follows:

"Q  Okay, and did you warn him at any time in the evening hours there when he, before he made this additional statement?

"A  When I, when he determined that there were certain parts of his statement that he wanted to state, wanted to change, I got a typewriter and a statement form and at that time I again told him that he didn't have to make another statement, and that if he did, this statement could be used against him, and I also told him that, of course, again, that he was charged with Murder, that he had a right to an attorney, *and the presence of an attorney before he made this statement,* and that if he could not hire an attorney one would be appointed for him.

"Q  Well, did you actually give him and read to him the statement which is, the statutory warning which is required by Texas law in the Constitution and the United States?

"A  I did not read it to him from a book or from something written out; I told him in those general terms that you are charged, or you are accused of the offense of Murder, and that you may make a statement, you don't have to, and any statement you make will be used against you. You have a right to an examining trial, to have bond set, and, of course, the right to an

attorney, and if you can't afford an attorney, one will be appointed to represent you." (Emphasis ours).

Miranda v. Arizona, 384 U.S. 436, 471, 86 S.Ct. 1602, 1626, 16 L.Ed.2d 694, held "that an individual held for interrogation must be clearly informed that he has the right to consult with a lawyer and to have the lawyer with him during interrogation . . . ."

From the testimony it can be seen Yarbrough was not reciting the statutory warning under Art. 15.17 as it then existed. It is also clear that petitioner was warned of his right to have counsel present at that moment, during interrogation, before any statement was made by him. We hold the requirements of *Miranda*, specifically that petitioner be warned of his right to presence of counsel at the interrogation, were met before the confession introduced as State's Exhibit 16 was taken.

Furthermore, the express written warning given petitioner some 6 to 8 hours previous to the complained of confession would have satisfied the dictates of *Miranda*.

In Bell v. United States, 382 F.2d 985, 987 (9th Cir. 1967), cert. denied, 390 U.S. 965, 88 S.Ct. 1070, 19 L.Ed.2d 1165 (1968), the court held,

"There is no requirement as to the precise manner in which police communicate the required [*Miranda*] warnings to one suspected of crime. The requirement is that the police fully advise such a person of his rights, and appellant made no showing that he did not read or understand the written warnings which were presented to him."

In United States v. Hopkins, 433 F.2d 1041 (5th Cir. 1970), cert. denied, 401 U.S. 1013, 91 S.Ct. 1252, 28 L.Ed.2d 550 (1971), the Fifth Circuit concerned with the need to repeat *Miranda* warnings stated,

"The Miranda warnings, once given, are not to be accorded unlimited efficacy or perpetuity. There may be occasions where interrogation by one authority, be it state or federal, is so disconnected with interrogation by the other as to compel a reiteration of the Miranda warnings. Nevertheless, on the basis of this record, and in light of the following factors, we must reject Hopkins' contentions. First, there was no significant time lapse between the federal interrogation and Detective Hobbs' question. Second, the question posed by Detective Hobbs touched upon the same subject matter discussed with Agent Hanley. Third, there is no evidence that the Dallas police, either prior to or following the federal interrogation, acted so as to dilute the efficacy of the warning given by Agent Hanley. This record pictures an uninterrupted sequence of events beginning with the Miranda warnings given by Agent Hanley, including the presence of Hobbs at the third floor interrogation room to take Hopkins to his cell, and culminating with a question on the same matter posed by Hobbs as he and Hopkins returned to the fifth floor. We find that the question of Detective Hobbs was so intertwined with the interrogation by Agent Hanley that Hopkins must have been aware of his constitutional rights with regard to Hobbs' query and, by his answer, Hopkins knowingly waived those rights . . . ."

See also United States v. Springer, 460 F.2d 1344 (7th Cir. 1972), cert. denied, 409 U.S. 873, 93 S.Ct. 205, 34 L.Ed.2d 125 (1973), where written confession was upheld on the basis of a more thorough warning given two days before the written confession, and Maguire v. United States, 396 F.2d 327 (9th Cir. 1968), cert. denied, 393 U.S. 1099, 89 S.Ct. 897, 21 L.Ed.2d 792 (1969), where an adequate warning given 3 days before interrogation of defendant by another officer apprised defendant of his rights.

In Xanthull v. State, Tex.Cr.App., 403 S.W.2d 807, this Court held two different statements were admissible into evidence,

though only one warning was given defendant, when the two statements were substantially the same, signed on the same day, and given to the same officer. See Charles v. State, Tex.Cr.App., 424 S.W.2d 909, where the warning was given 6 days before the confession was made.

We find from the "totality of the circumstances" that the petitioner was sufficiently apprised of his rights before making the second written confession (State's Exhibit 16) by virtue of the written warnings administered some eight hours previously when the first confession was made, and also by the oral warning given by Assistant District Attorney Yarbrough before the second confession here complained of was made. Silva v. State, Tex. Cr.App., 499 S.W.2d 147; Babcock v. State, Tex.Cr.App., 473 S.W.2d 941.

The writ is denied.

Opinion approved by the Court.

ONION, P. J., concurs on the ground of waiver.