NO. 12-03-00143-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
CHRISTOPHER PAUL TULLY,                      §                 APPEAL FROM THE 8TH
APPELLANT
 
V.                                                                         §                 JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                        §                 HOPKINS COUNTY, TEXAS
                                                                                                                                                            
MEMORANDUM OPINION
            Christopher Paul Tully (“Appellant”) appeals the trial court’s order revoking his probation,
following which he was sentenced to imprisonment for ten years. Appellant raises four issues on
appeal. We affirm.
 
Background
            Appellant was charged with indecency with a child and pleaded “guilty.” The trial court
found Appellant guilty as charged and sentenced him to imprisonment for ten years, but suspended
the imposition of Appellant’s sentence and placed Appellant on probation for ten years. On February
17, 2003, the State filed a motion to revoke Appellant’s probation alleging that he had violated the
terms of his probation by (1) committing an offense against the laws of the State, and (2) failing to
complete a counseling program designed for the treatment of sexual offenders as arranged and
approved by the probation department supervising Appellant’s probation. Appellant pleaded “not
true” to the allegations in the State’s motion, and a hearing was conducted on the matter. Following
the hearing, the trial court found the allegations in the State’s motion to be true, revoked Appellant’s
probation, and sentenced Appellant to imprisonment for ten years. This appeal followed.
 
Polygraph Results and Preservation of Error
            In his first issue, Appellant argues that the trial court erred when it allowed the State to
introduce Appellant’s failed polygraph tests into evidence. Appellant concedes that he did not object
to the introduction of such evidence. 
            As a prerequisite to presenting a complaint for appellate review, the record must show (1)
that the complaint was made to the trial court by a timely request, objection, or motion that stated
the grounds for the ruling that the complaining party sought from the trial court with sufficient
specificity to make the trial court aware of the complaint, and (2) that the trial court ruled on the
party’s request, objection, or motion. See Tex. R. App. P. 33.1(a). Complaints concerning the
admission of polygraph evidence are not exempt from the requirement that an appellant preserve
error. See Graham v. State, 3 S.W.3d 272, 285 (Tex. App.–Fort Worth 1999, pet. ref’d); Banda v.
State, 727 S.W.2d 679, 682 (Tex. App.–Austin 1987, no pet.).



            In the case at hand, Appellant failed to object to the State’s introduction of Appellant’s
polygraph test results. We hold that Appellant has waived such an issue on appeal. Appellant’s first
issue is overruled.
 
Constitutional Arguments and Preservation of Error
            In his second issue, Appellant argues that the trial court erred in admitting statements
obtained in violation of Appellant’s right against self-incrimination. In his third issue, Appellant
argues that the trial court erred in admitting statements that were not obtained freely and voluntarily
in violation of Appellant’s constitutional rights. The record in the instant case reflects that Appellant
did not object to the admission of such statements on the same grounds he now raises on appeal. In
order to complain about the admissibility of a confession, even in regard to a violation of Miranda,



and other federally guaranteed constitutional rights, there must be an objection in the trial court. See
Ex parte Bagley, 509 S.W.2d 332, 333 (Tex. Crim. App. 1974). Furthermore, the objection, if any,
must have called the attention of the trial court to the particular complaint raised on appeal. Id. We
hold that by his failure to raise an objection to the trial court that comports with his argument on
appeal, Appellant has waived such issues. See Tex. R. App. P. 33.1(a). Appellant’s second and third
issues are overruled.
            Ineffective Assistance of Counsel
            In his fourth issue, Appellant contends that his trial counsel was ineffective for the following
reasons:
 
              Appellant’s attorney did not object at all to the introduction of polygraph evidence in Appellant’s trial for 
revocation. He did not try to suppress the written statement of admissions made by Appellant and made no
objections to the voluntariness of his statements. He did try to raise a Miranda objection, but did not obtain
a ruling from the court. He did not file any motions for discovery. He did not object to numerous leading
questions by the prosecutor, and allowed blatant hearsay testimony to come in with no objection . . . He
presented no witnesses for the defense during the guilt/innocence phase, and only asked two questions on cross-examination of the polygraph examiner and no questions on cross examination of Appellant’s wife. He made
a very short final argument after the guilt/innocence phase of the trial and made no final argument after the
punishment phase. He presented no evidence for the defense during the punishment phase.


            Claims of ineffective assistance of counsel are evaluated under the two-step analysis
articulated in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 674 (1984). The
first step requires the appellant to demonstrate that trial counsel's representation fell below an
objective standard of reasonableness under prevailing professional norms. See Strickland, 466 U.S.
at 688, 104 S. Ct. at 2065. To satisfy this step, the appellant must identify the acts or omissions of
counsel alleged to be ineffective assistance and affirmatively prove that they fell below the
professional norm of reasonableness. See McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim.
App. 1996). The reviewing court will not find ineffectiveness by isolating any portion of trial
counsel’s representation, but will judge the claim based on the totality of the representation. See
Strickland, 466 U.S. at 695, 104 S. Ct. at 2069.
            In any case considering the issue of ineffective assistance of counsel, we begin with the
strong presumption that counsel was effective. See Jackson v. State, 877 S.W.2d 768, 771 (Tex.
Crim. App. 1994). We must presume counsel’s actions and decisions were reasonably professional
and were motivated by sound trial strategy. See id. Appellant has the burden of rebutting this
presumption by presenting evidence illustrating why his trial counsel did what he did. See id. 
Appellant cannot meet this burden if the record does not affirmatively support the claim. See
Jackson v. State, 973 S.W.2d 954, 955 (Tex. Crim. App. 1998) (inadequate record on direct appeal
to evaluate whether trial counsel provided ineffective assistance); Phetvongkham v. State, 841
S.W.2d 928, 932 (Tex. App.–Corpus Christi 1992, pet. ref'd, untimely filed) (inadequate record to
evaluate ineffective assistance claim); see also Beck v. State, 976 S.W.2d 265, 266 (Tex. App.–
Amarillo 1998, pet. ref'd) (inadequate record for ineffective assistance claim, citing numerous other
cases with inadequate records to support ineffective assistance claim). A record that specifically
focuses on the conduct of trial counsel is necessary for a proper evaluation of an ineffectiveness
claim. See Kemp v. State, 892 S.W.2d 112, 115 (Tex. App.–Houston [1st Dist.] 1994, pet. ref'd).
            After proving error, the appellant must affirmatively prove prejudice. See Hernandez v.
State, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999); Burruss v. State, 20 S.W.3d 179, 186 (Tex.
App.–Texarkana 2000, pet. ref’d). To establish prejudice, an appellant must prove that but for
counsel's deficient performance, the result of the proceeding would have been different. See
Strickland, 466 U.S. at 694, 104 S. Ct. at 2068. The appellant must prove that his attorney's errors,
judged by the totality of the representation and not by isolated instances of error, denied him a fair
trial. See Burruss, 20 S.W.3d at 186. It is not enough for the appellant to show that the errors had
some conceivable effect on the outcome of the proceedings. Id. He must show that there is a
reasonable probability that, but for his attorney’s errors, the jury would have had a reasonable doubt
about his guilt. Id. 
            Considering the first element of Strickland, our review of the record indicates no evidence
concerning the reasons Appellant’s trial counsel chose the course he did. Thus, as to the alleged
deficiencies in his trial counsel’s performance, we hold that Appellant has not met the first prong
of Strickland because the record does not contain evidence necessary to overcome the presumption
that his counsel’s actions and decisions were reasonably professional and were motivated by sound
trial strategy. Therefore, we cannot conclude that Appellant's trial counsel was ineffective.
            Nonetheless, Appellant argues at length that many of his trial counsel’s actions, or lack
thereof, fell below the professional norm. However, even assuming arguendo that Appellant
satisfied the first prong of the Strickland test, Appellant must still affirmatively prove prejudice. 
See Burruss, 20 S.W.3d at 186. It is not enough for Appellant to merely show that the errors had
some conceivable effect on the outcome of the proceedings. Id. 
            Despite repeated readings of Appellant’s brief, we can uncover no argument addressing the
second prong of the Strickland test. Rather, Appellant states generally that “there is a reasonable
probability that, but for counsel’s errors, Appellant’s probation would not have been revoked[,]” and
“Appellant would respectfully show that the hearing during which his probation was revoked truly
was a breakdown of the proper functioning of the adversarial process, and the result cannot be relied
upon as having produce[d] a just result.” 
            We iterate that the burden of proof as to this issue rests squarely upon Appellant. See
Burruss, 20 S.W.3d at 186. As such, we will neither surmise nor devise our own conclusions absent
some cogent argument on Appellant’s behalf that but for his counsel’s alleged unprofessional errors,
there exists a reasonable probability that the result of the proceedings would have been different. 
Appellant’s fourth issue is overruled. 
 
ConclusionAppellant failed to raise an issue concerning the propriety of the trial court’s decision to
revoke his probation. Having overruled Appellant’s issues one, two, three, and four, we affirm the
trial court’s judgment.
                                                                                                    DIANE DEVASTO 
                                                                                                                 Justice
Opinion delivered June 30, 2004.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.



(DO NOT PUBLISH)