IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,515






EX PARTE ENOC GARZA OLIVARES, Applicant









ON APPLICATION FOR A WRIT OF HABEAS CORPUS

FROM CAUSE NO. CR-1978-04-G IN THE 370TH 

JUDICIAL DISTRICT COURT OF HIDALGO COUNTY





 Keasler, J., delivered the opinion of the Court in which Keller, PJ., Price, Hervey,
and Holcomb, JJ., joined. Womack, Johnson, and Cochran, JJ., concurred in the result. 
Meyers, J., not participating. 




O P I N I O N



 Enoc Garza Olivares was charged by indictment with three offenses. Count One
alleged that he committed aggravated assault on a peace officer. Count Two alleged that he
evaded arrest or detention with a motor vehicle. And Count Three alleged that he committed
theft of property in amount of $1,500 or more but less than $20,000. Olivares pled guilty to
Counts Two and Three. In accordance with his plea agreement with the State, Olivares
received a sentence of two years' confinement for each count, to be served in the State Jail
Division of the Texas Department of Criminal Justice. Olivares did not appeal. 

 On October 7, 2005, Olivares filed this application for a writ of habeas corpus in the
trial court, alleging that he is entitled to time credit for time spent in custody before he was
sentenced. The trial judge entered "FINDINGS OF FACT, CONCLUSIONS OF LAW,
AND RECOMMENDATION AND ORDER." The trial judge determined that: (1) "Time
credit is not a proper subject for post-conviction habeas corpus relief" and (2) "Applicant is
not entitled to time credit for the time spent in the Hidalgo County Jail between his arrest and
sentencing, since he waived that credit as a part of the plea bargain agreement into which he
entered in return for the State's recommendation of a two-year state jail sentence." The trial
judge then recommended "that the relief requested by Applicant be, in all things, denied."

 We remanded the application because we determined that the trial judge's factual
findings were not supported by the record. We stated: "Time credit questions are often the
subject of post-conviction habeas corpus review" and "the record does not contain anything
to show that Applicant affirmatively waived his right to pre-sentencing jail time credit as a
condition of his plea agreement." We therefore ordered the trial judge to "make findings as
to whether Applicant expressly and affirmatively waived the right to pre-sentencing jail time
credits as a condition of his plea agreement." We also ordered the trial judge to "supplement
the record with a copy of the plea agreement showing the waiver" if he found "that Applicant
did expressly waive his pre-sentencing jail time credits in exchange for the maximum state
jail punishment . . . ." 

 In response to our order, the trial judge filed "SUPPLEMENTAL FINDINGS OF
FACT, CONCLUSIONS OF LAW, RECOMMENDATION AND ORDER," stating:
"Because there was no written plea agreement in the case, a copy of the Reporter's Record
of the plea hearing in question has been included as a supplement to the record of this case." 
The trial judge then set forth the following excerpt from the transcript of Olivares's guilty
plea hearing: 

 MR. ORENDAIN [Prosecutor]: To Count Two and Three we're asking that
he be confined for a period of two years in the Institutional Division of the
Texas Department of Criminal Justice. And that Count One be considered
unadjudicated in Count Two. And that he not be credited any time served in
the Hidalgo County jail.

 

 THE COURT: Enoch [sic] Garza Olivares, is this your understanding of the
plea bargain? Counts Two and Three are two years to serve with no credit for
time spent in jail. Count One - -

 

 THE INTERPRETER: No credit?

 

 THE COURT: No credit, zero credit. And Count One is unadjudicated into
Count Two.

 

 THE DEFENDANT: Yes. 

 

 THE COURT: This is your plea bargain? You're asking me to accept and
approve it? And you understand everything therein contained?

 

 THE DEFENDANT: Yes. 

 

 THE COURT: Counselor, is this the totality of the plea bargain?

 

 MR. GARZA [Defense Counsel]: Yes, it is, Your Honor.

The trial judge found that "[t]he transcript of the plea hearing in this case below shows that
Applicant expressly and affirmatively waived the right to pre-sentencing jail time credits as
a condition of his plea agreement." As a result, the trial judge again recommended that relief
be denied. We agree with the trial judge's recommendation, and conclude that Olivares is
not entitled to relief. 

 Our purpose in writing today, however, has nothing to do with the issue raised by
Olivares. Instead, we find it necessary to address the trial judge's offensive hand-written
note to the members of this Court that appears at the end of the judge's "SUPPLEMENTAL
FINDINGS OF FACT, CONCLUSIONS OF LAW, RECOMMENDATION AND ORDER." 
The note reads as follows:

 To the Justices of said Court.

 What part of zero time--No jail time credit does t[he] Appellate Court
or the Clerk thereof not understand?

 This is a terrible waste of time, effort and money.


 First, the statement is unnecessary; it contributes nothing to the legal issue before us. 
Second, and most importantly, it is highly unprofessional. When a judge chastises other
members of the judiciary in this manner, it not only reflects poorly on the judge, it
undermines the integrity of the justice system. The words of Supreme Court Justice Kennedy
are particularly appropriate here: 

 The collegiality of the judiciary can be destroyed if we adopt the habits and
mannerisms of modern, fractious discourse. Neither in public nor in private
must we show disrespect for our fellow judges. Whatever our failings, we
embody the law and its authority. Disrespect for the person leads to disrespect
for the cause. (1)


If public respect for the judiciary is to be maintained, it must begin from within. 

 With that said, we also note that to avoid the need for remand, such as the one in this
case, it is imperative for trial judges to ensure that the habeas record includes any available
documents that support its findings of fact. (2) 

 Because we have already determined that Olivares is not entitled to relief, we deny
his application for a writ of habeas corpus. 


DATE DELIVERED: September 27, 2006. 

PUBLISH 

 


1. Anthony M. Kennedy, Judicial Ethics and the Rule of Law, 40 St. Louis L.J.
1067, 1072 (1996). 
2. See Ex parte Bagley, 509 S.W.2d 332, 335 (Tex. Crim. App. 1974) ("This Court
is not bound by the findings of the trial court in a habeas corpus proceeding and may
make contrary findings when the record will not support the trial court's findings.").