

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-1596-12

**JAMES GARZA, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FOURTH COURT OF APPEALS
### BEXAR COUNTY

KEASLER, J., delivered the opinion of the Court, in which MEYERS, PRICE, WOMACK, and HERVEY, JJ., join. PRICE, J., filed a concurring opinion, in which WOMACK, J., joined. COCHRAN, J., filed a concurring opinion, in which ALCALA, J., joined. ALCALA, J., filed a concurring opinion, in which JOHNSON and COCHRAN, JJ., joined. KELLER, P.J., filed a dissenting opinion.

## O P I N I O N

On appeal, James Garza contested the imposition of his life-without-parole sentence

arguing that, because he was a juvenile, the sentence violated his Eighth Amendment rights

as defined by the United States Supreme Court's decision in *Miller v. Alabama*. The Fourth

Court of Appeals refused to review his claim and held that, by failing to lodge an objection

in the trial court, Garza has forfeited this claim on appeal. We reverse the court of appeals' decision because it conflicts with this Court's subsequently delivered opinion in *Ex parte Maxwell*.

In November 2011, a jury convicted James Garza of capital murder for his involvement in the stabbing death of the complainant for the purpose of stealing the complainant's car. The State waived the death penalty because Garza was a juvenile at the time of the capital murder. Immediately upon conviction, Garza was sentenced to life without parole pursuant to Texas Penal Code § 12.31(b), as it existed at the time. No sentencing hearing was conducted, and "[n]o objection was voiced to the procedure employed or to the imposition of the sentence imposed."[1]

In a single issue on appeal, Garza claimed that his life-without-parole sentence violated the Eight Amendment's prohibition against cruel and unusual punishment because his status as a juvenile bars the punishment imposed. Garza cited the United States Supreme Court's 2012 opinion in *Miller v. Alabama*[2] in support of his claim. The court of appeals affirmed the trial court's judgment without addressing the merits of Garza's claim because it found that the issue had not been preserved for review.[3]

---

[1] Appellant's Br. 4.

[2] 132 S.Ct. 2455 (2012) (holding that the mandatory imposition of a life-without-parole sentence upon a juvenile is unconstitutional).

[3] *Garza v. State*, No. 04–11–00891–CR, 2012 WL 5236048, at *1 (Tex. App.—San Antonio Oct. 24, 2012) (mem. op, not designated for publication).

Garza asserts that the court of appeals erred by deciding the procedural-default issue under general preservation-of-error principles without considering whether Garza's claim must be preserved in light of our opinion in *Marin v. State*.[4]  Texas Rule of Appellate Procedure 33.1 establishes the general requirement that a contemporaneous objection must be made to preserve error for appeal.[5]  But in *Marin*, we held that the general preservation requirement does not apply to all claims.  There, we separated the rights of a defendant into three categories:

- The first category of rights are those that are "widely considered so fundamental to the proper functioning of our adjudicatory process . . . that they cannot be forfeited . . . by inaction alone."[6]  These are considered "absolute rights."[7]

- The second category of rights is comprised of rights that are "not forfeitable"—they cannot be surrendered by mere inaction, but are "waivable" if the waiver is affirmatively, plainly, freely, and intelligently made.[8]  The trial judge has an independent duty to implement these rights absent any request unless there is an effective express waiver.[9]

- Finally, the third category of rights are "forfeitable" and must be requested by the

---

[4]  851 S.W.2d 275 (Tex. Crim. App. 1993), *overruled on other grounds by Cain v. State*, 947 S.W.2d 262 (Tex. Crim. App. 1997).

[5]  TEX. R. APP. PRO. 33.1(a) (requiring that, as a prequisite to presenting a complaint on appeal, the record show a complaint was made to the trial court alleging specific grounds for the objection that comply with the Rules of Evidence and that the trial court ruled, or refused to rule on, the objection.).

[6]  *Marin*, 851 S.W.2d at 278.

[7]  *Id.* at 279.

[8]  *Id.* at 279–80.

[9]  *Id.*

litigant.[10] Many rights of the criminal defendant, including some constitutional rights, are in this category and can be forfeited by inaction.[11]

Rule 33.1's preservation requirements do not apply to rights falling within the first two categories.[12]  Barring these two narrow exceptions, all errors—even constitutional errors—may be forfeited on appeal if an appellant failed to object at trial.[13]  Although it did not reference *Marin* specifically,  the court of appeals relied on this Court's previous cases, in addition to several other courts of appeals' decisions, generally holding that Eighth Amendment issues are forfeited if not raised in the trial court.[14] The court of appeals reached this conclusion without the benefit of our opinion in *Ex parte Maxwell*.[15] A careful reading of *Maxwell* indicates that a majority of this Court has already passed on this issue—if only by necessary implication.

In *Maxwell*, a majority of the Court—over two dissenting opinions joined by a total of four judges—held that the rule announced in *Miller* was a new substantive rule, as

---

[10]  *Id.*

[11]  *Id.* at 279.

[12]  *See id.* at 279–80.

[13]  *Fuller v. State*, 253 S.W.3d 220, 232 (Tex. Crim. App. 2008).

[14]  *Garza*, 2012 WL 5236048, at *2 (citing *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App.1996), *Curry v. State*, 910 S.W.2d 490, 497 (Tex. Crim. App.1995), *Ham v. State*, 355 S.W.3d 819, 825 (Tex. App.—Amarillo 2011, pet. ref'd), *Noland v. State*, 264 S.W.3d 144, 152 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd), and *Nicholas v. State*, 56 S.W.3d 760, 768 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd)).

[15]   *Ex parte Maxwell*, 424 S.W.3d 66 (Tex. Crim. App. Mar. 12, 2014).

opposed to a procedural rule, and therefore applied retroactively.[16]   In so holding, the majority concluded that *Miller* "puts a juvenile's *mandatory* 'life without parole' sentence outside the ambit of the State's power."[17] It was Maxwell's status as a juvenile, so went the analysis, that precluded imposing the life-without-parole sentence he received.[18]   While on its face, *Maxwell* appeared to address a pure retroactivity question,[19] it held by necessary implication that a claim asserting an Eighth Amendment violation under *Miller* was not subject to procedural default.  The majority opinion specifically acknowledged that, on direct appeal, the court of appeals "rejected [Maxwell's] claim that his automatic sentence violated the Eighth Amendment because he had never raised that claim in the trial court."[20] Nonetheless, the majority granted Maxwell habeas corpus relief by vacating his life-without-parole sentence and remanding the case for further sentencing proceedings permitting the factfinder to determine whether Maxwell's sentence should be assessed at life with or without parole.[21]

While this case presents a question of error preservation on appeal and not in a

---

[16]   *Id.* at 73–76.

[17]   *Id.* at 75 (emphasis in original).

[18]   *Id.*

[19]   *See id.* at 67–68.  ("We ordered that this application be filed and set to decide if *Miller v. Alabama* applies retroactively to a claim raised in a post-conviction proceeding, and, if so, what remedy is appropriate.").

[20]   *Id.* at 68.

[21]   *Id.* at 76.

collateral proceeding, the preservation requirement overlaps substantially, and the requirement in each context informs the other.[22] It has become a staple in our habeas corpus jurisprudence that preservation of error is generally a prerequisite to being granted relief.[23] In their treatise, Professors Dix and Schmolesky correctly summarize our case law on the topic thus:

> Generally, all of the reasons that support the need for a matter to have been raised at trial when the matter is relied upon in direct appeal apply equally or more forcefully when a matter is relied upon in postconviction habeas corpus. Most likely, then, if a matter is one that could be relied upon on appeal only if the defendant called it to the attention of the trial judge in a timely manner and requested appropriate relief, similar action will be held necessary to "preserve" the matter for consideration on habeas corpus.
>
> . . . .
>
> The nature of collateral attack, moreover, suggests that even a more stringent standard than is applied on direct appeal might at least sometimes be appropriate in the habeas corpus context.[24]

---

[22] *See generally Ex parte Crispen*, 777 S.W.2d 103, 105 (Tex. Crim. App. 1989) (stating "this Court adheres to the contemporaneous objection rule which is, generally, that 'appellate courts will not consider any error which counsel for the accused could have called, but did not call, to the attention of the trial court at the time when such error could have been avoided or corrected by the trial court.'"), *Ex parte Bagley*, 509 S.W.2d 332, 333 (Tex. Crim. App. 1974) ("The same rule as to the necessity of an objection to complained of evidence has been applied by this Court in habeas corpus cases."), 43B GEORGE E. DIX & JOHN M. SCHMOLESKY, CRIMINAL PRACTICE AND PROCEDURE § 59:7 (3d ed. 2011) ("*Bagley* incorporates contemporaneous objection law as developed in direct appeal cases into habeas corpus law.").

[23] *See, e.g*, *Ex parte Jimenez*, 364 S.W.3d 866, 882 (Tex. Crim. App. 2012), *Ex parte Medellin*, 280 S.W.3d 854, 860–63 (Tex. Crim. App. 2008), *Ex parte Bagley*, 509 S.W.2d at 334.

[24] 43B DIX & SCHMOLESKY at § 59:7.

Like the result of forfeiture by inaction in the trial court, this Court will not review the merits of a habeas corpus claim if an applicant had the opportunity to raise the issue on appeal.[25] We have held that even constitutional claims are forfeited if an applicant had the opportunity to raise the issue on appeal.[26] This principle stemmed from the oft-quoted axiom "The Great Writ should not be used in matters that should have been raised on appeal."[27] And "the trend of this Court has been to draw stricter boundaries regarding what claims may be advanced on habeas."[28]

However, by reaching the merits of Maxwell's claim, the *Maxwell* majority held, perforce, that Maxwell's *Miller* claim was not subject to procedural default. This implied holding was a condition precedent to granting relief; it was a threshold through which the Court allowed Maxwell's claim to pass. Without it, the Court could not entertain the merits of Maxwell's claim consistent with our established case law, much less grant relief on it. *Maxwell*'s result decided the issue before us today: substantive status-based or individualized-sentencing claims under the Eighth Amendment and embraced by *Miller* are

---

[25] *Ex parte Webb*, 270 S.W.3d 108, 111 (Tex. Crim. App. 2008), *Ex parte Cruzata*, 220 S.W.3d 518, 520 (Tex. Crim. App. 2007), *Ex parte Townsend*, 137 S.W.3d 79, 81 (Tex. Crim. App. 2004); *Ex parte Bagley*, 509 S.W.2d at 334.

[26] *E.g.*, *Jimenez*, 364 S.W.3d at 882 (holding that Applicant forfeited his claim based on *Ake v. Oklahoma*, 470 U.S. 68 (1985), for failing to object at trial and pursue claim on appeal).

[27] *Ex parte Banks*, 769 S.W.2d 539, 540 (Tex. Crim. App. 1989).

[28] *Ex parte Richardson*, 201 S.W.3d 712, 713 (Tex. Crim. App. 2006).

not forfeited by inaction. We therefore may not conclude today that Garza's *Miller* claim is forfeited on appeal without an objection at trial and at the same time adhere to the Court's opinion in *Maxwell*. Failing to consider *Maxwell*'s effect on the instant case denies *Maxwell* the force of precedent deserving of an opinion that received the support from a majority of the Court. Until such time as the United States Supreme Court calls this Court's characterization of the *Miller* rule into doubt, we are bound by *Maxwell*'s express and necessarily implied holdings.

We do find limits on *Maxwell*'s implied holding, though. In granting Maxwell habeas corpus relief, the *Maxwell* majority did not purport to discern whether his *Miller* claim fell within *Marin*'s "absolute prohibitions" or "waiver-only" category. It was sufficient for the majority opinion to hold that Maxwell's claim was simply not forfeited. Likewise, this case does not require that we further define where in *Marin*'s categorical structure a *Miller* claim is properly placed. We reserve such a decision for a matter that properly presents the issue. *Maxwell* sufficiently addressed the propriety of the court of appeals' holding we are called upon to review.

Accordingly, we hold that Garza's claim was not forfeited by his failure to urge his claim in the trial court. The court of appeals' judgment is reversed, and the case is remanded for further proceedings consistent with this opinion.

DELIVERED: June 11, 2014

PUBLISH