**PD-No. 0582-15**
## IN THE COURT OF CRIMINAL APPEALS OF TEXAS
## AUSTIN, TEXAS

| | | |
|---|---|---|
| **EDGAR ALBERTO ROMO**, | § | |
| Appellant, | § | |
| | § | **COURT OF APPEALS** |
| | § | NO. 05-13-00546 |
| V. | § | |
| | § | **TRIAL COURT** |
| | § | NO. 199-82866-2012 |
| | § | NO. 19981976-2011 |
| | § | |
| **THE STATE OF TEXAS,** | § | |
| Appellee, | § | |

PETITION FOR DISCRETIONARY REVIEW
FROM THE COURT OF APPEALS
FIFTH JUDICIAL DISTRICT
DALLAS, TEXAS

## PETITION FOR DISCRETIONARY REVIEW OF APPELLANT

RECEIVED IN
COURT OF CRIMINAL APPEALS

June 19, 2015

ABEL ACOSTA, CLERK

**GEORGE J. PARNHAM**
TBN: 15532000

**PARNHAM & ASSOCIATES**
440 Louisiana Street, Suite 200
Houston, TX 77002
713-224-3967
713-224-2815(fax)

## IDENTITY OF PARTIES AND COUNSEL

Pursuant to Tex. R. App. P. 38.1(a)(2011), the parties to this suit are as follows:

**FOR THE STATE:**

At Trial:                    Chris Fredericks
                             TBN: 24044565

                             Paul Anfosso
                             TBN: 00796129

On Appeal:                   Greg Willis
                             TBN: 21653500

                             Collin County
                             Assistant District Attorneys
                             District Attorney
                             2100 Bloomdale, Suite 100
                             McKinney, Texas 75071

**FOR APPELLANT:**

At Trial:                    Sergio Aleman
                             TBN: 24027275
                             420 S Cesar Chavez, Suite 300
                             Dallas, Texas 75201

                             Robert Buchholz
                             TBN: 03290600
                             420 S Cesar Chavez, Suite 300
                             Dallas, Texas 75201

On Appeal:                   George J. Parnham
                             TBN: 15532000
                             440 Louisiana St., Suite 200
                             Houston, Texas 77002

# **TABLE OF CONTENTS**

IDENTITY OF PARTIES AND COUNSEL ……………………..…………….2

TABLE OF CONTENTS ……………………………………………..…….3

TABLE OF AUTHORITIES …………………………………………….4

STATEMENT REGARDING ORAL ARGUMENT ……………………….6

STATEMENT OF THE CASE ……………………………………….7

STATEMENT OF PROCEDURAL HISTORY ………………………….8

GROUNDS FOR REVIEW ………………………………………….8

ARGUMENTS …………………………………………………….8

PRAYER FOR RELIEF…………………………………………..……22

CERTIFICATE OF SERVICE …………………………………………22

CERTIFICATE OF COMPLIANCE   …………………………………23

**<u>TABLE OF AUTHORITIES</u>**

**Cases**

*Ex parte Bagley,* 509 S.W.2d 332 (Tex. Crim. App. 1974)……….....……8, 14, 16

*Ex Parte Stanley*, 703 S.W.2d 686 (Tex. Crim. App. 1986)……….….……….17

*Fuller v. State*, 253 S.W.3d 220, 232 (Tex. Crim. Ap. 2008)…….....……………15

*Fulminante v. Arizona,* 499 U.S. 279 (1991)……………………………………18

*Garcia v. Dial*, 596 S.W.2d 524 (Tex Crim. App. 1980)…………..……………17

*Herrera v. State*, 241 S.W.3d 520, 526 (Tex. Crim. App. 2007)……….………10, 11

*Hobbs v. State*, 298 S.W.3d 193 (Tex. Crim. App. 2009)……….………………17

*Holloway v. State*, 780 S.W.2d 787 (Tex. Crim. App. 1989)……….……………17

*Joseph v. State*, 309 S.W.3d 20, 24 (Tex. Crim. App. 2010)………….……….…10

*Marin v. State*, 851 S.W.2d 275, 278-80 (Tex. Crim. App. 1993)………..……15, 17

*McCarthy*, 65 S.W.3d 47 (Tex. Crim. App. 2001)……………………………….18

*McCulley v. State*, 352 S.W.3d 107, 115 (Tex.App.—Fort Worth 2011, pet ref'd).12

*Mendez v. State*, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004)…………..………15

*Miranda v. Arizona*, 384 U.S 436, 478-79 (1966)…………….…...6, 8, 10, 11, 16

*Pennsylvania v. Muniz*, 496 U.S. 582 (1990)………………………………..……12

*Rhode Island v. Innis*, 446 U.S. 291 (1980)…………….…………………………12

*Romo v. State*, 2015 Tex. App. LEXIS 3911 (Tex. App.—Dallas, April 17, 2015)..7

*Sims v. State,* 326 S.W.3d 707 (Tex. Crim. App. 2010)…………………..………17

*Sosa v. State*, 769 S.W.2d 909 (Tex. Crim. App. 1989)……………………..……12

*Stansbury v. California*, 511 U.S. 318 (1994)……………………………………11

*Thompson v. Koehane*, 516 U.S. 99 (1995)…………………………………………12

*U.S. v. Patane*, 542 U.S. 630 (2004)……………………………………………..11

**Rules**

TEX. CODE CRIM. PROC. ANN. art. 38.22, sec. 2(a)(1)-(5)…………………….10

TEX. CODE CRIM. PROC. ANN. art. 38.22 sec sec 2(a), 3(a)(2)…………..…10

TEX. CODE CRIM. PROC. ANN. art. 38.22, sec.3(a)……………..…..6, 9, 10, 11

TEX. CODE CRIM. PROC. ANN. art. 38.23(a)……………………………..11

TEX. R. EVID. 103(d)……………………………………………….…15

**Constitutional Provisions**

TEX CONST. art.1, sec. 10……………………………………………..…..8

U.S. CONST. amend. V.…………………………………………………8

## **<u>STATEMENT REGARDING ORAL ARGUMENT</u>**

Pursuant to Texas Rule of Appellate Procedure 39.7, Appellant hereby requests oral argument. Counsel is of the opinion that oral argument would serve to emphasize and clarify the important legal points regarding this Petition.

**TO THE HONORABLE COURT OF CRIMINAL APPEALS OF TEXAS:**

Under Rule 68 of the Texas Rules of Appellate Procedure, Petitioner, **EDGAR ALBERTO ROMO** ("Romo"), in the above cause, through counsel of record George J. Parnham, respectfully submits this Petition for Discretionary Review and in support would show the Court the following:

## STATEMENT OF THE CASE

A jury convicted petitioner, Romo, for the offenses of Murder and Aggravated Assault with a Deadly Weapon. In a memorandum opinion, the Fifth Court of Appeals affirmed these convictions, finding, *inter alia*, that trial counsel failed to properly preserve error related to the admission of Petitioner's post-arrest statements. Specifically, the Court of Appeals declined to analyze and decide whether the admission of certain post arrest statements, which were the product of custodial interrogation yet not properly warned according to *Miranda v. Arizona* and article 38.22 of the Code of Criminal Procedure, amounted to fundamental error and held that these complaints were not properly preserved for review. This petition challenges that holding and urges this Court to analyze and decide that the admission of these unwarned, post-arrest statements which were the product of custodial interrogation did constitute fundamental error and therefore requires that these causes be reversed and remanded.

7

**STATEMENT OF PROCEDURAL HISTORY**

On April 17, 2015, in a memorandum opinion, the Court of Appeals affirmed the convictions. *Romo v. State*, 2015 Tex. App. LEXIS 3911 (Tex. App.—Dallas, April 17, 2015).

**GROUNDS FOR REVIEW**

POINT OF ERROR

*The Court of Appeals erred in overruling Petitioner's first and second issues and holding that Petitioner did not preserve error because the admission of Petitioner's unwarned post-arrest statements which were the product of custodial interrogation constitute fundamental error.*

**ARGUMENTS**

POINT OF ERROR

*The Court of Appeals erred in overruling Petitioner's first and second issues and holding that Petitioner did not preserve error because the admission of Petitioner's unwarned post-arrest statements which were the product of custodial interrogation constitute fundamental error.*

The Fifth Court of Appeals declined to analyze whether the admission of Petitioner's unwarned post-arrest statements, the product of custodial interrogation, constituted fundamental error and held that trial counsel failed to properly preserve these matters for appellate review. Specifically, the Court of Appeals noted that, as an intermediate court, the Court was not "free to disregard the decisions of the

Court of Criminal Appeals" which require a timely, specific objection in order to "complain on appeal about the admissibility of statements within the framework of *Miranda*." Slip Op. at 7. In declining to analyze and decide whether the admission of these unwarned statements, produced through custodial interrogation, amounted to fundamental error and therefore could be raised for the first time on appeal, the Court of Appeals concluded that Petitioner did not preserve error at trial and therefore overruled his first and second issues on appeal pursuant to Texas Rule of Evidence 103(a)(1) and *Ex parte Bagley*[1].

The Law

The Fifth Amendment provides that an accused "shall not be compelled in any criminal case to be a witness against himself…" U.S. CONST. amend. V. In a subtle yet meaningful modification, the Texas Constitution provides that an accused "shall not be compelled to give *evidence* against himself…" TEX CONST. art.1, sec. 10 [emphasis added].

U.S. Law

In *Miranda v. Arizona*, the Supreme Court held that the Fifth Amendment to the United States Constitution prohibits use of an accused's oral statement made during custodial interrogation unless the accused is given certain warnings and he knowingly, intelligently, and voluntarily waives the rights set out in the warnings.

---

[1] 509 S.W.2d 332 (Tex. Crim. App. 1974).

*See Miranda*, 384 U.S 436, 478-79 (1966). Specifically, an accused must be given

the following warnings when subject to custodial interrogation:

that he has the right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the presence of an attorney before and during questioning, and that if he cannot afford an attorney, one will be appointed for him prior to any questioning if he so desires.

*Id.*

Texas Law

Similarly, article 38.22, section 3(a) of the Code of Criminal Procedure

provides that no oral statement made by an accused during custodial interrogation

is admissible unless:

(1) an electronic recording, which may include motion picture, video tape, or other visual  recording, is made of the statement;

(2) prior to the statement but during the recording the accused is given the warning in subsection (a) of section 2 above and the accused knowingly, intelligently, and voluntarily waives any rights set out in the warning;

(3) the recording device was capable of making an accurate recording, the operator was competent, and the recording is accurate and has not been altered;

(4) all voices on the recording are identified; and

(5) not later than the 20th day before the date of the proceeding, the attorney representing the defendant is provided with a true, complete, and accurate copy of all recordings of the defendant made under this article.

TEX. CODE CRIM. PROC. ANN. art. 38.22, sec.3(a).

Section 2(a)(1) of the Code specifies the warnings that are required, and requires that an accused subjected to custodial interrogation must be given the following warnings:

(1) he has the right to remain silent and not make any statement at all and that any statement he makes may be used as evidence against him at his trial;

(2) any statement he makes may be used as evidence against him in court;

(3) he has the right to have a lawyer present to advise him prior to and during questioning;

(4) if he is unable to employ a lawyer, he has the right to have a lawyer appointed to advise him prior to and during any questioning; and

(5) he has the right to terminate the interview at any time.

TEX. CODE CRIM. PROC. ANN. art. 38.22, sec. 2(a)(1)-(5).

The warnings that must be given before an accused's statement, if the product of custodial interrogation, may be admissible include those announced in *Miranda* and the warning that the accused has the "right to terminate the interview at anytime." TEX. CODE CRIM. PROC. ANN. art. 38.22 sec sec 2(a), 3(a)(2); *Herrera v. State*, 241 S.W.3d 520, 526 (Tex. Crim. App. 2007).

Application of U.S. and Texas Law

Before admitting a statement that is the product of custodial interrogation, the State has the burden of showing that the defendant knowingly, voluntarily, and intelligently waived his *Miranda* rights. *Joseph v. State*, 309 S.W.3d 20, 24 (Tex. Crim. App. 2010). Article 38.22 also states that the accused must indicate that he is

11

waiving those rights knowingly, intelligently, and voluntarily before giving a statement. TEX. CODE CRIM. PROC. ANN. art. 38.22 sec sec 2(a), 3(a)(2); *Herrera*, 241 S.W.3d at 526.

Further, if these warnings are not given to an accused before he is subjected to custodial interrogation, the statement itself must be suppressed. *See Miranda, supra*. Additionally, violation of *Miranda* may also lead to the exclusion of physical evidence derived from the confession. *U.S. v. Patane*, 542 U.S. 630 (2004).

Article 38.23 provides the legal remedy in cases where law enforcement does not comply with the requirements in Article 38.22, or the Constitution or laws of Texas or the United States. Specifically, Article 38.23 unequivocally states that no evidence obtained in violation of the Code of Criminal Procedure, the U.S. Constitution or other laws, or the Texas Constitution or other laws, shall be admitted against the accused in the trial of a criminal case. TEX. CODE CRIM. PROC. ANN. art. 38.23(a).

As previously stated, these protections are afforded to accused citizens who are subject to custodial interrogation. The Supreme Court has held that a person is in "custody" if a reasonable person would believe that she has been deprived of freedom to the degree associated with formal arrest. *Stansbury v. California*, 511 U.S. 318 (1994). When deciding whether a person was in custody for purposes of *Miranda*, a trial court should "(1) conduct a factual review in examining the

circumstances surrounding the interrogation, and (2) make an ultimate legal determination whether a reasonable person would not have felt at liberty to leave." *Thompson v. Koehane*, 516 U.S. 99 (1995).

The next step in the analysis is deciding whether a suspect was "interrogated" according to our laws. In this analysis, questions or comments are considered interrogation if the intent was to elicit an incriminating response. *Rhode Island v. Innis*, 446 U.S. 291 (1980). Regarding whether a defendant was subject to interrogation within the meaning of the Fifth Amendment and *Miranda*, not all types of questioning by law enforcement, even post-arrest, amount to "interrogation." Indeed, courts have exempted routine booking questions as well as "res gestae" statements made by a defendant.[2]

Similarly, for purposes of Texas law, whether a statement was obtained in violation of these provisions depends on whether an accused was subjected to interrogation while in custody. Custodial interrogation is defined as questioning initiated by law enforcement officers after a person has been taken into custody. *See McCulley v. State*, 352 S.W.3d 107, 115 (Tex.App.—Fort Worth 2011, pet ref'd).

---

[2] *See Pennsylvania v. Muniz*, 496 U.S. 582 (1990); *See Sosa v. State*, 769 S.W.2d 909 (Tex. Crim. App. 1989).

Analysis

The examination of the arresting officer, Sergeant Holway, shows that after arresting Petitioner pursuant to an arrest warrant for murder, one of the two offenses for which he was lated convicted and files this Petition, he questioned Petitioner about the circumstances of his location, the identity of the person in whose name Petitioner's hotel room was rented, and the reasoning behind Petitioner's use of a pay phone when he was also in possession of a cellular phone. At trial, the following occurred:

MR. FREDERICKS: As far as the cell phone, did you learn that to be (214) 254-7921?

SERGEANT HOLWAY: Yes. Because I was very curious why - why he had a cell phone on him and he was on a pay phone.

MR. FREDERICKS: Did you ask him?

SERGEANT HOLWAY: Yes.

MR. FREDERICKS: What did he say?

SERGEANT HOLWAY: He said he was talking to his dad in Mexico, trying to get home.

…..

MR. FREDERICKS: Did you ask him about this Nathaniel or Nate Martinez name?

SERGEANT HOLWAY: And he said it was just a friend who rented the room.

5 RR 44-45.

And then on cross examination, Sergeant Holway clarified exactly when he

arrested Petitioner:

MR. ALEMAN: And when you - did you arrest him right away after he told you he was Edgar?

SERGEANT HOLWAY: No. I - I asked him if he was Edgar Romo, and he said yes. Then I arrested him.

5 RR 49.

In light of this exchange, it is clear that Petitioner was placed under arrest,

and therefore in custody for our purposes, the moment he confirmed to Sergeant

Holway that he in fact was Edgar Romo. Thus, at that point, any questioning by

law enforcement intended to elicit an incriminating response qualifies as

interrogation. Before the product of any custodial interrogation may be admitted, it

must be shown that the accused was informed of his rights pursuant to U.S. and

Texas law, that he expressly waived those rights, that he did so knowingly,

intelligently, and voluntarily, and said waiver must be included in the recorded or

written statement. More than that, all of these things must be shown in a criminal

proceeding before the attendant statement becomes admissible. Because none of

these legal requirements were met, the above-referenced statements was

unlawfully admitted.

Petitioner recognizes that according to current precedent[3], his complaint

about the admission of his unwarned post-arrest statement, the product of custodial

---

[3] *Ex parte Bagley*, supra.

interrogation, is forfeited because he did not object at trial, and therefore is not available for review on appeal. Still, an exception to this general rule exists for fundamental error" which may be complained-about for the first time on appeal. TEX. R. EVID. 103(d); *Mendez v. State*, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004). Petitioner urges this Court to reexamine the caselaw and apply this exception to the unlawful admission of post-arrest statements, the products of custodial interrogation, where the State did not obtain an express waiver of rights nor properly prove an express waiver of rights in a criminal proceeding in accordance with U.S. or Texas law. Put another way, Petitioner urges this Court to include the constitutional protection against admission of unwarned post-arrest statements, when produced by custodial interrogation absent an express waiver of rights, in the list of rights which must be affirmatively and expressly waived.

This Court has held that there are three groups of appealable errors: (1) violation of forfeitable rights, which must be preserved for appeal by timely and specific objection; (2) violation of rights that must be expressly waived, which may be vindicated on appeal in the absence of such a waiver; and (3) violation of a systemic prohibition or requirement not optional with the parties at trial, which may always be remedied on appeal, regardless of waiver or forfeiture. *See Marin v. State*, 851 S.W.2d 275, 278-80 (Tex. Crim. App. 1993). Indeed, most errors fall into the first category of forfeitable rights. *See Fuller v. State*, 253 S.W.3d 220, 232 (Tex. Crim. Ap. 2008). And this Court held long ago that in order to complain

about the admissibility of a confession within the framework of *Miranda*, a defendant must object to its admission at trial. *Bagley*, 509 S.W.2d at 333.

First, it should be noted that the facts in the instant case are markedly different than those in *Ex Parte Bagley*. For example, in *Bagley*, the defendant was actually given a list of warnings two times before he gave a statement - the problem in that case was that the list of warnings did not include on particular warning - that the suspect had the right to have counsel present during the interview. Further, Mr. Bagley did not raise the issue on appeal or in his first habeas petition. Here, Sergeant Holway did not bother to warn Petitioner of his rights, record the statement, and of course he didn't seek an express waiver of those rights because he chose not to inform the suspect of any rights at all. Second, this complaint was raised by Petitioner in his direct appeal just as he raises it in this Petition.

Petitioner urges this court to reconsider the classification of an improperly admitted confession as a forfeitable right and instead moves this Court to find that an unlawfully admitted post-arrest statement, when produced by custodial interrogation, is instead a right that must be expressly waived and which may be vindicated on appeal regardless of whether it was properly preserved by objection at trial.

This Court has recognized various different types of fundamental error over the years. First, rights that have been found to be non-waivable and non-forfeitable

include the right to be tried for a felony offense in a district court and the right that commands a juvenile court have jurisdiction over a juvenile unless and until that court relinquishes jurisdiction over him. *See Garcia v. Dial*, 596 S.W.2d 524 (Tex Crim. App. 1980); *See Ex Parte Stanley*, 703 S.W.2d 686 (Tex. Crim. App. 1986). Second, some of the rights that must be expressly waived and cannot be forfeited by inaction alone include the right to counsel, the right to a trial by jury, the right to the statutorily-established 10 days to prepare for trial after indictment, and the right to be admonished upon a plea of guilty. *See Holloway v. State*, 780 S.W.2d 787 (Tex. Crim. App. 1989); *See Hobbs v. State*, 298 S.W.3d 193 (Tex. Crim. App. 2009); *See Marin v. State*, 851 S.W.2d 275 (Tex. Crim. App. 1993); *See Sims v. State,* 326 S.W.3d 707 (Tex. Crim. App. 2010).

The right that an accused not be required to give evidence against himself unless he is properly warned of the consequences of giving up that right in connection with custodial interrogation rises to the level of fundamental error and should be included in the list of rights that are not extinguished by inaction alone. Petitioner urges this Court to find that these rights must be expressly waived and failing that constitute fundamental error because a statement by a defendant is a particularly damaging piece of evidence which must be afforded utmost protection, the procedural requirements for admission are nearly identical to those for other rights that must be expressly waived, and the admission of such a statement causes

18

egregious harm, especially when it is repeatedly emphasized by the prosecuting attorney during closing argument.

In *McCarthy v. State*, this Court reversed and remanded because investigators violated that defendant's Fifth Amendment rights when they reproached her in order to obtain a statement. *See McCarthy*, 65 S.W.3d 47 (Tex. Crim. App. 2001). Citing to *Fulminante v. Arizona*[4], this Court wrote about the critical nature and evidentiary value of a defendant's statement. Specifically, this Court noted that "a Defendant's statement, especially a statement implicating her in the commission of the charged offense, is unlike any other evidence that can be admitted against the defendant… (it) is probably the most probative and damaging evidence that can be admitted against him." *Id*. at 55-56. This Court went on to write that, "Certainly, confessions have a profound impact on the jury, so much so that we may justifiably doubt its ability to put them out of mind even if told to do so." *Id*. at 56. In *McCarthy*, just like in this case, the statement did not "place the murder weapon in her own hands" but in both cases the statements were repeatedly emphasized by the State during closing argument. In the instant case, Petitioner's statement was used by the State during closing argument to paint the Defendant as the only one who did not visit the complainant at the hospital, and argue that he must be guilty because instead of visiting the complainant at the hospital, he was on the phone with his father, who was living in Mexico, and he was "trying to get

_____

[4] 499 U.S. 279 (1991).

home." Furthermore, this allowed the State to repeatedly argue that Petitioner's statements revealed a consciousness of guilt in that, in addition to attempting to flee the country, he was trying to conceal this conversation with his father by using a pay phone despite being in possession of a working cellular phone. Besides this statement, the main piece of evidence was the identification by the complainant but her testimony was somewhat discredited because she suffered great trauma and fading eyesight due to the shooting.

Further demonstrating how valuable such evidence can be, the legal remedy when the State fails in any way to obtain an express waiver of rights prior to a custodial interrogation, include that waiver of rights in the written or recorded statement, and prove that the express waiver was given knowingly, voluntarily, and intelligently is that the statement is inadmissible. Here, the statements should have been inadmissible, but because they were snuck in relatively quickly and defense counsel at trial did not object, the unwarned statements were put before the jury despite there being no express waiver or recording during this custodial interrogation.

Furthermore, when examining the procedural requirements associated with the Fifth Amendment Right to Counsel and the proper admission of a defendant's statement made during custodial interrogation, it becomes clear that these requirements - that the defendant be advised of his rights, that he enter an express waiver of those rights, that he expressly waive these rights knowingly, voluntarily,

and intelligently, that any oral statement be recorded, that he enter any such waiver on that same recording, and that all of this be proven during a criminal proceeding or the statement is not admissible - are strikingly similar to the requirements associated with other rights that must be expressly waived. For example, the requirement that such an express waiver be executed knowingly, voluntarily, and intelligently is nearly identical to what is required before a defendant may lawfully waive the right to a jury trial and enter a plea of guilty. That the express waiver must be proven as a part of the criminal proceeding is also very similar to waiving a jury trial in that executing documents to that effect is not sufficient - the waiver must take place on the record during a criminal proceeding.

Finally, an error of this magnitude constitutes egregious harm. The admission of this statement, given hours after the shooting, is incredibly valuable evidence in the State's case in chief. The details of the statement - an attempt to flee the country, actively making arrangements to do so with a close family member, his father, and efforts to conceal the phone call and conversation by use of a pay phone despite having a working cellular phone in his pocket - all speak volumes and provided the State with very powerful circumstantial evidence. This is no doubt an undisputed contention given how many times this statement and its contents were emphasized during the State's closing argument.

For all of these reasons, this case should be reversed and remanded to the Court of Appeals for further consideration on the substantive merits of Petitioner's point of error.

## PRAYER FOR RELIEF

Petitioner respectfully prays that this Court grant discretionary review, reverse this case, and remand it to the Court of Appeals for consideration on its merits, and for any other relief to which he may be entitled.

**Respectfully submitted**:

**/s/ George J. Parnham**

_____
**GEORGE J. PARNHAM**
TBN: 15532000

PARNHAM & ASSOCIATES
440 Louisiana Street, Suite 200
Houston, Texas 77002
713-224-3967
713-224-2815
_Attorneys for Appellant_

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of June, 2015 a true and correct copy of the foregoing Petition for Discretionary Review was mailed to the Collin County

District Attorney at 2100 Bloomdale, Suite 100, McKinney, Texas 75071 via First

Class U.S. Mail.

/s/ George J. Parnham
_____

**GEORGE J. PARNHAM**

## CERTIFICATE OF COMPLIANCE

I hereby certify that the petition filed in this case number complies with the

requirement of TEX. R. APP. 9.4(i)(3). According to the computer program used to

prepare this document, this Petition has the following number words: 3,774,

including footnotes.

/s/ George J. Parnham
_____

**GEORGE J. PARNHAM**

Print this page

# Envelope 5721329

## Case Information

| | |
|---|---|
| Location | Court Of Criminal Appeals |
| Date Filed | 06/17/2015 05:27:47 PM |
| Case Number | |
| Case Description | |
| Assigned to Judge | |
| Attorney | George Parnham |
| Firm Name | Parnham & McWilliams |
| Filed By | Mary Moore |
| Filer Type | Not Applicable |

## Fees

| | |
|---|---|
| Convenience Fee | $0.00 |
| Total Court Case Fees | $0.00 |
| Total Court Filing Fees | $0.00 |
| Total Court Service Fees | $0.00 |
| Total Filing & Service Fees | $0.00 |
| Total Service Tax Fees | $0.00 |
| Total Provider Service Fees | $0.00 |
| Total Provider Tax Fees | $0.00 |
| Grand Total | $0.00 |

## Payment

| | |
|---|---|
| Account Name | Mary C Moore |
| Transaction Amount | $0.00 |
| Transaction Response | |
| Transaction ID | |
| Order # | |

## Petition for Discretionary Review

| | |
|---|---|
| Filing Type | EFile |
| Filing Code | Petition for Discretionary Review |
| Filing Description | |
| Reference Number | |
| Comments | |
| Status | Rejected |

## Fees

| | |
|---|---|
| Court Fee | $0.00 |
| Service Fee | $0.00 |

## Rejection Information

| Rejection Reason | Time | Rejection Comment |
|---|---|---|
| Other | 06/19/2015 12:31:25 | The petition for discretionary review does not contain a copy of the court of appeals opinion. [Rule 68.4(j)] You have ten days to tender a corrected petition for |

PM          discretionary review. Does this petition include the argument for case number PD-0581-15?

## Documents

| *Lead Document* | Romo Edgar - PDR.pdf | [Original] |